[No. 2670.]

## Pablo Dovalina *v.* The State.

1. FORGERY—EVIDENCE—PRACTICE.—In a prosecution for forgery, the alleged forged instrument was identified by a witness on the stand, but was not put in evidence. *Held,* that the instrument was a proper and indispensable part of the criminative evidence, and its non-introduction was error.

2. SAME—EVIDENCE—CHARGE OF THE COURT.—Where the inculpatory evidence is purely circumstantial, the charge of the court should instruct the jury as to the law controlling it.

3. SAME—INDICTMENT.—See the opinion for a state of case wherein an indictment for forgery should include a count for knowingly uttering a forged instrument.

4. SAME—FACT CASE.—See the opinion and statement of the case for evidence *held* insufficient to support a conviction for forgery.

APPEAL from the District Court of Webb. Tried below before the Hon. J. C. Russell.

The opinion discloses the nature of the case.  The punishment awarded the appellant by a verdict of guilty was a term of two years in the penitentiary.

In addition to his testimony as set out in the opinion, the witness Babcock testified, on cross-examination, that he did not know who wrote the order.  He could not say that the defendant wrote it, nor could he say that the defendant knew that it was a forgery.  The witness discovered that the order was a forgery a week, or, perhaps, a month, after he cashed it.

Dario Gonzalez testified, for the State, that Babcock presented him the order in question, and requested payment of ten dollars it called for.  The witness did not sign the order, nor did he authorize any one to sign it for him.

Cross-examined, the witness said that he did not know that the defendant wrote the order, or that he had anything to do with it.  He knew no more about it than that Babcock requested him to pay the ten dollars it called for.  The witness did not tell the defendant to go to Babcock and get the money.  He first saw the order late in October or early in November, 1880, when the defendant was working for the witness in the solicitation of votes at the approaching election.  He, witness, did not authorize the men soliciting votes for him to draw money from Babcock.  Witness had never communicated with any one except E. F. Hall about the order.  He told Hall that the order was forged.  He had a conversation with Vicente Flores and Espiridion Dovalina, two years after, in regard to the order, in front of the Adams House, in Laredo, Texas.  This conversation was about the election then near at hand.

Espiridion Dovalina testified, for the defendant, that he and defendant were brothers.  He knew that defendant could neither read nor write, and could barely sign his name.  The witness had a conversation with Dario Gonzalez in the presence of Vicente Flores, in regard to this order.

Cross-examined, the witness testified that the conversation alluded to transpired in the Adams House, in Laredo, on Sunday, September 3, 1882.  Gonzalez asked Flores and himself to help him in the election.  They declined, and Gonzales said that those whom he most benefited repaid him with evil; that he intended to do nothing against the defendant; that he verbally authorized the defendant to get the money at Babcock's, but did not sign the order in his, Gonzalez's, name.

The motion for new trial set up the following grounds:

---

---

1. The court failed to charge the law of the case.

2. The verdict of the jury is not responsive to the allegations in the indictment.

3. The evidence does not support the verdict in this case.

*E. F. Hall,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

Hurt, Judge. An order for ten dollars upon one Dario Gonzalez is charged to have been forged by the defendant. This order, though identified by the witnesses, was not put in evidence. The record upon this subject recites as follows: P. S. Babcock being on the stand, stated: " I know the defendant. I paid the defendant the order referred to. I would know it again if I saw it. I obtained the order from Pablo Dovalina about two years ago, and paid him ten dollars on it. This was in Webb county, Texas. Do not remember that any one else was present." The order being shown the witness, he identified it.

Was it necessary to introduce the order in evidence? We are of opinion that it was.

A conviction was sought alone upon circumstantial evidence. The law applicable to such a case was not charged. However, as there was no charge requested, nor objection made because of the omission of a proper charge on the subject, and as such error is not relied upon in the motion for new trial, we do not feel called upon to reverse upon this ground.

This conviction is for forgery. The evidence proves these facts and none others, viz: 1. That the order was forged by some person. 2. That the defendant uttered or passed the order. 3. That the defendant could not write. 4. There was no proof as to who did write the order, the State relying alone upon the above facts to show that the defendant procured some one to write the order, he having some sort of claim on Gonzalez.

Do these facts render it reasonably certain that the defendant forged the order? This is very questionable; hence we would suggest that a count for uttering, in all such cases, be inserted in the indictment.

Because the order was not introduced in evidence, the verdict is not supported by the evidence; wherefore the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered May 30, 1883.